IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                         ORDER

      v.                                   05-CR-169-S-01

CHRISTOPHER R. BERRY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christopher R. Berry's supervised release was held on March 20, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant C. Johnson. Defendant was present in person and by counsel, Mark Maciolek. Also present was United States Probation Officer Clark Rodgers.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 11, 2006, following his conviction for possession of a counterfeit security with intent to deceive, in violation of 18 U.S.C. § 513(a). This offense is a Class C felony. He was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $10,301.58.

Defendant began his term of supervised release in the District of Minnesota on February 26, 2008. On November 5, 2008, I modified the conditions of his release by adding Special Condition No. 8, requiring him to perform up to 20 hours of community service work if not employed at a lawful occupation, and to participate in training, counseling, daily job search, or other employment-related activities.

On October 29, 2008, defendant violated Special Condition No. 3, requiring him to refrain from incurring new lines of credit and from opening any checking accounts without prior approval of the supervising U.S. probation officer, when he opened a joint account with his wife at Wells Fargo Bank in Elk River, Minnesota. On November 3, 2008, defendant opened a sole checking account at the same Wells Fargo Bank. On December 8, 2008, defendant opened a checking account at M&I Bank in Elk River, Minnesota. He did not have prior approval from his supervising U.S. probation officer to open any of these accounts.

On January 21, 2009, defendant violated Standard Condition No. 9, prohibiting him from associating with any persons engaged in criminal activity and from association with any person convicted of a felony unless granted permission to do so by the probation officer,

when he was found to be associating with a felon who had numerous felony convictions and an extensive criminal record.

Defendant's conduct falls into the category of a Grade C violation. Section §7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend the term of supervised release, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment range of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. §3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold the defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 11, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months. A three-year term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect in addition to a special condition requiring defendant to spend up to the first 180 days of his supervision in a residential re-entry center. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment, and for passes consistent with program rules. Defendant is to pay his own medical expenses. All previously ordered financial penalties stand.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 20th day of March, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge